<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| L.B., | : | Civil Action No. 20-562 (SRC) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**<u>CHESLER, District Judge</u>**

This matter comes before the Court on the appeal by Plaintiff L.B. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning August 3, 2015. A hearing was held before ALJ Leonard F. Costa (the "ALJ") on June 29, 2018, and the ALJ issued an unfavorable decision on October 19, 2018. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of October 19, 2018, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform the full range of work at all exertional levels, with certain non-exertional limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform any of her past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on the ground that, at step four, the ALJ's rejection of the opinion of treating physician Dr. Quintana is contrary to Third Circuit law.

Dr. Quintana submitted a report on a form with five pages of patient assessment, containing the following. (Tr. 377-81.) Page 1 states diagnoses of panic disorder and major depression, followed by this psychiatric history: "Initially seen x panic episodes (2012). Starts to get more depressed in 2013 after having lots more stress." Page 2 shows normal mental status with the exception of anxious, depressed mood; tearful appearance; poor concentration; and serial 7's "can't." Page 3 states that mental status at the first visit was "anxious mood" and notes "daily panic attacks" but provides no answer to the question, "impact on functioning." On page 4, the box for "limited" functioning is checked for all four categories of functioning; while the form says "please describe below" for each item, there is no description. Page 5 states that the claimant's daily functioning is "fair," "treatment and response" is described as "partial

2

response," and "prognosis" is "no further improvement expected." This description fully captures all relevant information provided by Dr. Quintana on the form.

In considering Dr. Quintana's opinion, the ALJ wrote, in its entirety:

> Little weight is afforded to the opinion of treating physician, Dr. Quintana. Dr. Quintana completed a psychiatric report in which he noted that the claimant suffers from panic disorder and major depression. Dr. Quintana noted that at claimant's last appointment on April 14, 2016, she was alert and oriented by three, denied any suicidal or homicidal ideations, had no psychosis, was anxious and depressed, tearful, had soft speech and poor concentration. Dr. Quintana also noted that the claimant was unable to perform serial 7's but had fair memory, fine intellect, and good judgment. Dr. Quintana opined that the claimant was limited with work-related mental activities in the areas of understanding and memory, concentration, social interaction, and adaptation (Ex. 5F). This opinion lacks sufficient explanation, is contrary to the weight of the medical evidence, and it fails to provide a specific function-by-function analysis regarding the claimant's ability to perform work related activities. Dr. Quintana simply checked off limited in each area but did not quantify those limitations or provide documentation to support the limitations.

(Tr. 39.)

Plaintiff argues that the ALJ's rejection of the treating physician's opinion was contrary to Third Circuit law, as stated in Morales and other cases. Before reaching that question, however, this Court inquires: given the contents of the five-page form submitted by Dr. Quintana, what else could the ALJ have reasonably done that would have changed the outcome of the determination?

Ultimately, Plaintiff's argument that the ALJ improperly rejected the treating physician's opinion suffers from two principal defects: 1) it fails to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) it fails to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how her impairments, whether individually or in combination, amount

3

to a qualifying disability.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination.  The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."  Id.  In such a case, "the claimant has the 'burden' of showing that an error was harmful."  Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful.  At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability.  In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.  It is not enough to show the presence of an error.  Pursuant to Shinseki, Plaintiff bears the burden of proving that she was harmed by this error.

Thus, even before considering whether the ALJ erred under Third Circuit law, this Court asks what specifically did Dr. Quintana write that, given more weight by the ALJ, might have proven that Plaintiff is disabled?  Dr. Quintana did not write that Plaintiff's mental health impaired her to the extent that she is unable to work.  The closest that anything in Dr. Quintana's report comes to making such an assessment is the section in which the physician is asked: "Based on the medical findings provided in your report, your medical opinion regarding your patent's ability to do work related mental activities is as follows:"  (Tr. 380.)  As already stated, Dr. Quintana then checked the "limited" box for all four areas, but did not provide the requested explanation of what was meant by "limited."  (Tr. 380.)

4

Plaintiff argues as if "limited" means "disabled," but it does not. Plaintiff seems to believe that checking the "limited" box is tantamount to a physician statement that Plaintiff lacks the functional capacity to work. Yet "limited" can mean any level of ability less than normal functioning. On what basis was the ALJ to infer that "limited" meant "limited to a disabling extent," when Dr. Quintana did not provide the explanation that the form requested? Plaintiff argues, without citation to the record: "Dr. Quintana repeatedly described those limitations as 'disabling.'" (Pl.'s Br. 24.) Where? The 5-page form Dr. Quintana filled out that appears in the present record does not contain the word, "disabling."

In opposition, the Commissioner cites 20 C.F.R. § 404.1527, titled "Evaluating opinion evidence for claims filed before March 27, 2017." The regulation sets forth six factors to be considered when weighing opinion evidence, one of which is:

> (3) Supportability. The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion. The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion.

20 C.F.R. § 404.1527(c)(3). The Commissioner contends, just as the ALJ stated, that Dr. Quintana's opinion provides very, very little support for any findings. It gives very little in the way of relevant evidence and very little in the way of explanation.

Furthermore, consider the regulation's definition of "medical opinion:"

> Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.

20 C.F.R. § 404.1527(a)(1). Dr. Quintana's form provides very little information about the nature and severity of Plaintiff's mental health impairments, essentially no information on what

5

Plaintiff can still do despite impairments, and almost no information on Plaintiff's mental restrictions.

In short, Plaintiff bears the burden of proof of disability at the first four steps, and the form from Dr. Quintana provided very little useful evidence on the subject of limitations to her ability to work due to mental health difficulties. This Court finds that the ALJ's description and assessment of Dr. Quintana's opinion, as it appears on the form, is entirely accurate, reasonable, and supported by the evidence. The ALJ reasonably concluded that the form contained little evidence to demonstrate a disabling mental health impairment. The ALJ's consideration of Dr. Quintana's opinion conforms to the requirements of 20 C.F.R. § 404.1527.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that she was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

s/ Stanley R. Chesler<br>
STANLEY R. CHESLER, U.S.D.J.

Dated: January 31, 2022

6